UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>    Plaintiff,<br><br> v.<br><br>KINGS COUNTY, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00369-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE, AND GRANTING EXTENSION OF TIME<br><br>(ECF No. 36) |

Pablo Chavez ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 29, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 25). Plaintiff asks for appointment of counsel because he does not understand what to do. Plaintiff also asks the Court to give him extra time to get a lawyer.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

However, the Court will grant Plaintiff an extension of time to file his scheduling and discovery statement. On March 1, 2021, the Court issued an order requiring the parties to submit scheduling and discovery statements within thirty days. (ECF No. 32). On March 31, 2021, Defendants filed their scheduling and discovery statement. (ECF No. 34). Plaintiff did not file a scheduling and discovery statement, and his deadline to do so passed. However, on April 14, 2021, the Court granted Plaintiff an additional twenty-one days to file his scheduling and discovery statement. Plaintiff now states that he does not know what to do, but the Court's order issued on March 1, 2021, which the Court re-sent to Plaintiff on April 14, 2021, clearly explains what Plaintiff must do. That is, Plaintiff must file a scheduling and discovery statement that addresses the issues identified in the March 1, 2021 order.[1]

Nevertheless, the Court will grant Plaintiff an extension of time to file his scheduling and

---

[1] As stated in the March 1, 2021 order, the statement

> shall address all of the following issues:
> i. A brief summary of the parties' claims and/or defenses.
> ii. The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial.
> iii. A description by category and location of all documents the party may use at trial.
> iv. Whether any third parties, other than Plaintiff's institution of confinement, is likely to have relevant documents.
> v. Whether the party intends to use expert witnesses.
> vi. If a settlement conference has not occurred, when the party will be prepared to participate in a settlement conference.

(ECF No. 32, pgs. 1-2).

discovery statement.  After the Court receives Plaintiff's statement, the Court will issue a scheduling order that will explain the next deadlines in the case and what to do to for those deadlines.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice; and
2. Plaintiff has until June 9, 2021, to file his scheduling and discovery statement.

IT IS SO ORDERED.

Dated: **May 3, 2021**

/s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE