UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>KINGS COUNTY, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00369-AWI-EPG (PC)<br><br>AMENDED FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 32 & 35)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Pablo Chavez ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 28, 2021, the Court issued findings and recommendations, recommending that this case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case. (ECF No. 38). The Court originally stated in its analysis that Plaintiff was incarcerated. (Id. at 3). However, it appears that Plaintiff is no longer incarcerated. (See ECF No. 25). While it does not materially change the analysis, the Court enters these amended findings and recommendations to fix this error.

On March 1, 2021, the Court issued an order requiring the parties to submit scheduling and discovery statements within thirty days. (ECF No. 32). On March 31, 2021, Defendants filed their scheduling and discovery statement. (ECF No. 34). Plaintiff did not file his statement, and his deadline to do so passed. Accordingly, on April 14, 2021, the Court directed

1 | Plaintiff to file his statement. (ECF No. 35). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action." (Id.).

On May 3, 2021, the Court granted Plaintiff an extension of time, giving him until June 9, 2021, to file his statement. (ECF No. 37, pgs. 2-3). This extended deadline has passed, and Plaintiff once again failed to file his statement.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Here, Plaintiff's failure to file a scheduling conference statement as required by the Court's orders and to otherwise prosecute this action is delaying the case. Specifically, the scheduling statement is an important document for the Court to use in making the schedule in this case. It also includes important information for the parties, such as "the location of potentially relevant documents," and "when the parties will be prepared to participate in a settlement conference." Plaintiff's failure to file his statement has delayed this Court's ability to issue a scheduling order for almost three months already, and Plaintiff still has not filed his statement. And without being able to issue a scheduling order, this case is stalled from progressing further with discovery and other case-related deadlines. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 30, 2021**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE